Tlie opinion of tlie Court was delivered by
Todd, J.
Tbe defendant is appellant from a judgment condemning him to pay a fine of ten dollars, and in default of its payment, to be imprisoned for ten days in tbe parish prison.
He was charged, by affidavit, with the violation of an Ordinance of tlie Police Jury of said Parish relative to ferries ; that is, in ferrying persons across the river for hire, in contravention of said Ordinance. A warrant was issued by the Justice of the Peace before whom the complaint was made, -under which he was arrested and brought before the Justice, and sentenced as stated.
The Ordinance offered in evidence directed such a proceeding and punishment. It is, however, urged by the defendant, that this Ordinance was unwarranted by law, and the proceeding complained of under it, was therefore, illegal, null and void.
The authority of the Police Jury to pass the Ordinance is claimed to be derived from an Act of 1834, to define the authority, duties and functions of the Police Jury of the Parish of Jefferson, and Sec. 2750 of the Revised Statutes.
We fail to perceive any authority, conferred by either of the Acts cited, or by any other law, on this Police Jury, to justify the passing of an ordinance prescribing- such a proceeding.
The first Act referred to, whilst it confers authority to pass regulations and ordinances to promote the peace and welfare of the Parish, and to establish a police to enforce said regulations and ordinances, and whilst providing for punishment by fine, expressly declares that the same may he recovered by suit, brought in the name of the Parish, before the Parish Court, in any Justice of the Peace. Acts of 1834, p. 18-
*648 Sec. 2750, Rev. Sfcat., gives the power to tho Police Juries of all the Parishes in the State, to pass all ordinances deemed necessary, relative to roads, bridges and ditches, and to impose fines and penalties to enforce the same; hut, it makes special provision that such fines and penalties are to he recovered and enforced by indictment or information in the name of the State, or by ordinary process before any court of competent jurisdiction.
The law is silent as to any other process or remedy. Police Juries can exercise such powers only as are clearly delegated to them, or snch as inay he required to carry into effect tho powers expressly conferred. There being no such delegation of power in this case to warrant the proceeding complained of, the ordinance is null and the proceeding and sentence illegal. Town of Plaquemines vs. Ruff, 30 A. 497; 14 A. 37: Dillon Mun. Cor. §351.
It is, therefore, ordered, adjudged and decreed, that tho judgment appealed from be annulled, avoided and reversed, and the proceedings quashed, and tho defendant, discharged; plaintiff to pay costs of both Courts.
Levy, J., absent.